**UNITED STATES of America,**
**Appellee,**

**v.**

**Miguel Angel POLANCO–COPLIN, aka Miguel Polanco, aka Miguel Angel Polanco, aka Tony Coplin, aka Edwin Hernandez, Defendant–Appellant.**

**No. 00–1478.**

United States Court of Appeals, Second Circuit.

March 23, 2001.

Colleen P. Cassidy, The Legal Aid Society, New York, NY, for appellant.

Miriam H. Baer, Assistant United States Attorney; Mark D. Harris, Assistant United States Attorney, Mary Jo White, United States Attorney for the Southern District of New York, on the brief, New York, NY, for appellee.

Present LEVAL, and SACK, Circuit Judges, and RAGGI,* District Judge.

---

* Honorable Reena Raggi, of the United States District Court for the Eastern District of New York, sitting by designation.

SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the decision of the District Court be and it hereby is AFFIRMED.

Defendant Miguel Angel Polanco–Coplin was convicted, following a guilty plea, on one count of illegally reentering the United States in violation of 8 U.S.C. § 1326(a) and (b)(2). The district court sentenced the defendant principally to a forty-six month prison term, of which no more than twenty months were to be served concurrently with the undischarged term of imprisonment remaining on Polanco–Coplin's previous state manslaughter conviction. He appeals this sentence.

In recognition of our recent decision to the contrary in *United States v. Garcia–Hernandez,* 237 F.3d 105 (2d Cir.2000), the defendant has abandoned his first claim that U.S.S.G. § 5G1.3(b) mandates a sentence fully concurrent with his state manslaughter conviction.

He contends next that the district court had discretion under U.S.S.G. § 5G1.3(c) to fashion a sentence fully concurrent with the state sentence by giving credit for six months he served on the manslaughter conviction before he was transferred to federal custody, as described in § 5G1.3 application note 2. Application note 2 by its terms applies "[w]hen a sentence is imposed pursuant to subsection (b)" of § 5G1.3. The sentence in this case was imposed pursuant to subsection (c). We see no need to decide whether application note 2 applies to concurrent sentences imposed pursuant to subsection (c), because the district court clearly indicated in the sentencing hearing and in the judgment that it had no inclination to sentence the defendant in accordance with application note 2. We therefore reject this claim.

Polanco–Coplin's third contention is that his sentence must be vacated and remanded because the district court relied on a mistake of law in denying a downward departure as an alternative method of giving him credit for time served on his state sentence. We disagree for two reasons. First, there is no indication that Judge Berman had any inclination to utilize departure to fashion a less onerous sentence. Second, Polanco–Coplin cannot show that the delay in indicting him and transferring him to federal custody was "deliberate and nefarious," or that other special circumstances would justify a downward departure. *United States v. Acevedo,* 229 F.3d 350, 357 (2d Cir.2000).

We have considered all of the defendants contentions and find no merit in any of them. Accordingly, we AFFIRM the judgment of the district court.